UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00406

**John A. Grimes,**
*Plaintiff,*

v.

**Director, TDCJ-CID et al.,**
*Defendants.*

**O R D E R**

 Plaintiff John A. Grimes, a prisoner of the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

 On December 26, 2023, the magistrate judge issued a report recommending that the amended complaint be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Doc. 30. Plaintiff filed written objections. Doc. 31.

 The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Plaintiff complains that his incarceration conflicts with his religious beliefs that he is free and forgiven and that he must practice his religion in "liberty." Doc. 26 at 7. The magistrate judge correctly found that these complaints are frivolous and fail to state a claim under either the First Amendment or the Religious Land Use and Institutionalized Persons Act (RLUIPA). Doc. 30. The magistrate judge further recommended dismissal of plaintiff's due process claim because he did not establish the violation of any protected liberty interest in connection with his disciplinary hearing. *Id.* at 10. Plaintiff's objection to the report confirms those findings.

Plaintiff first faults the magistrate judge for "mistranslating his language of Spirit Speech to not include RLUIPA violations." Doc. 31 at 1. But the magistrate judge did analyze plaintiff's claims under RLUIPA and correctly determined that they failed. Doc. 30 at 9–10. Plaintiff's convoluted argument that he requires a translator because of the court's failure "to properly translate [his] foreign language of Spirit Speech while mistranslating terms or reading terms as some form of english before replying with words that are a part of some society of secret language" is nonsense that fails to raise any valid objection for consideration. Doc. 31 at 2.

Plaintiff also objects to being referred to as an inmate, because it conflicts with his religious beliefs. *Id.* at 1. And he goes on to claim that he is "not the person identified for the murder and the person identified for the murder is no longer a felon and overturned the conviction and had the conviction expunged." *Id.* at 7. But, as the magistrate judge observed, public records establish that plaintiff is serving a 35-year sentence for murder imposed in 2014. Doc. 30 at 8. Plaintiff's conviction, sentence, and incarceration are facts not subject to change based on his religious beliefs. If plaintiff believes that he is due to be released because of a legal invalidation of his sentence, his recourse is a petition for writ of habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (observing that challenges to the validity or duration of an inmate's confinement in prison are properly brought as habeas corpus petitions).

Finally, plaintiff asserts that the counsel substitute who represented him at a disciplinary hearing violated his rights to due process and equal protection. Doc. 31 at 7–8. But, as the magistrate judge correctly explained, a counsel substitute does not act under color of state law and is not subject to suit under Section 1983. Doc. 30 at 10.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objection and accepts the report's findings and recommendation. This case is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

*So ordered by the court on April 15, 2024.*

_____
J. CAMPBELL BARKER
United States District Judge